JUSTICE NELSON
specially concurs:
¶27 I concur with our legal analysis and, albeit reluctantly, with the result of our opinion. Nonetheless, I remain troubled that a 62-year-old, sophisticated businessman can take his 21-year-old, developmentally disabled, unsophisticated bride-to-be, to his attorney and, in summary fashion and without her being separately represented by counsel, obtain her signature on a prenuptial agreement that effectively divests her of all interest in his property upon his death. If the applicable law included a mandate that a prenuptial agreement must also pass a smell test to be not “unconscionable,” this one, most certainly, would fail. Unfortunately for Mary there is no such requirement.
¶28 That said, my main concern from a legal standpoint is that, here, the trial court improperly applied the “after fair disclosure” standard articulated in Wiley and Thies. Even with this error, however, I do not disagree that the court used enough of the right buzz-words and made sufficient findings to bring this case within the law that actually applies-§ 72-2-224, MCA, and the Uniform Premarital Agreement Act, § 40-2-601 et seq., MCA. Thus, despite its use of the wrong law, the court arrived at a legally supportable result. See Schmasow v. Native American Center, 1999 MT 49, ¶ 12, 293 Mont. 382, ¶ 12, 978 P.2d 304, ¶ 12 (stating that “[i]f we agree with the conclusions of the district court, we can affirm the district court’s decision, if correct, regardless of its reasons”) (citations omitted).
¶29 Nevertheless, trial courts dealing with these sorts of cases in the future should be aware that Wiley and Thies no longer set out the controlling standards for prenuptial disclosures and waivers of property interests. Section 72-2-224, MCA, and the Uniform Premarital Agreement Act, § 40-2-601 et seq., MCA, are now the controlling authority in these casesj and, in my opinion, while application of these statutes would not change the result here-at least on the evidence presented to the court on Mary’s behalf-these laws do provide more stringent procedures and standards for prenuptial disclosures and waivers of property interests than did our previous cases.
¶30 With those caveats, I concur.
CHIEF JUSTICE GRAY concurs in the foregoing special concurrence.